Xia v. Barr

BIA
Hom, IJ
A205 442 888

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of October, two thousand nineteen.

PRESENT:
          GERARD E. LYNCH,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges.*
_____

HAIFENG XIA,
          *Petitioner,*

          v.                                        17-3881
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney
                        General; Ernesto H. Molina, Jr.,
                        Deputy Director; Nancy N. Safavi,
                        Trial Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haifeng Xia, a native and citizen of China, seeks review of a November 7, 2017, decision of the BIA affirming a December 12, 2016, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Haifeng Xia,* No. A205 442 888 (B.I.A. Nov. 7, 2017), *aff'g* No. A205 442 888 (Immig. Ct. N.Y. City Dec. 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Xia became a Christian while in the United States and alleged a fear of persecution in China because he would continue to practice Christianity if removed. Absent past

2

persecution, an alien may establish eligibility for asylum by demonstrating "that he has a well-founded fear of future persecution, which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that he "would be singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). Where, as here, an alien expresses a fear based on activities undertaken in the United States, he "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

The agency reasonably concluded that Xia failed to establish a reasonable possibility that the Chinese government would become aware of and then single him out for persecution on account of his practice of Christianity. Xia did not claim that the Chinese government was aware that he

3

is a Christian. And the agency reasonably concluded that authorities were unlikely to become aware of and target Xia for his attendance at an unauthorized church in China because the State Department's 2014 International Religious Freedom Report provided there are an estimated 68 million Protestant Christians in China, only one-third of whom are affiliated with government-sponsored churches, and that efforts to restrict participation in unregistered churches varied by region. As to Xia's home province of Zhejiang, the record reflects that the Chinese government has in recent years destroyed and removed crosses from churches in the region for allegedly failing to comply with building requirements. But the evidence showed that these measures were taken against public, registered churches. The evidence was otherwise unclear as to the treatment of unregistered church gatherings in Zhejiang.

Further, the agency also reasonably determined that Xia would not be singled out because he is not a religious leader. *See* 8 C.F.R. § 1208.13(b)(2)(iii). The evidence showed that in Zhejiang the Chinese government has mostly focused on and detained church leaders and lawyers who have protested

4

demolitions and other building restrictions rather than ordinary worshippers like Xia.

For similar reasons, the agency did not err in determining that Xia failed to establish a pattern or practice of persecution of similarly situated individuals—that is, people who attend unregistered churches. The country conditions evidence established that policies targeting Christians attending unregistered churches are not implemented evenly throughout China and, as stated, that the Chinese government is more likely to target more prominent members of the Zhejiang Christian community than Xia. Thus, the agency did not err in determining that Xia failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern and practice of persecution in China. *See In re A-M-*, 23 I. & N. Dec. 737, 741-42 (BIA 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Accordingly, because the agency reasonably found that Xia failed to demonstrate a well-founded fear of persecution as needed for asylum, it did not err in finding that Xia failed to meet the higher standard for withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). Xia

5

did not appeal the IJ's denial of relief under the Convention Against Torture.

For the foregoing reasons, the petition for review is DENIED.  All motions and requests for arguments are DENIED and all stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court